UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: APPLICATION OF PEDRO PIDWELL FOR AN ORDER SEEKING DISCOVERY FROM CENTERBRIDGE PARTNERS L.P., AND APOLLO GLOBAL MANAGEMENT, INC. F/K/A APOLLO GLOBAL MANAGEMENT, LLC PURSUANT TO 28 U.S.C. §1782, IN AID OF A FOREIGN PROCEEDING

OPINION

1:21-MC-0166 (ALC)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

By letter motion dated February 4, 2022 (ECF No. 40), Respondents Apollo Global Management, Inc. ("Apollo") and Centerbridge Partners, L.P. ("Centerbridge") request that the Court stay its obligation to respond to Petitioner's subpoena, issued pursuant to the undersigned's Opinion, pending resolution of Apollo's objection. Pedro Pidwell ("Petitioner") opposes Respondents motion by letter dated February 7, 2022. (ECF No. 43.) For the reasons that follow, this court **DENIES** the Respondents request to stay.[1]

**Procedural History**[2]

On February 1, 2021, the Petitioner submitted an *ex parte* application, pursuant to 28 U.S.C. § 1782, to obtain limited discovery from Apollo and Centerbridge, in the form of a *subpoena duces tecum,* in aid of a foreign litigation pending in Lisbon, Portugal. On January 21, 2022, the Court granted Petitioner's motion. (ECF. No. 37.) The Court noted that both Apollo and Centerbridge reserved the right to object to the scope of the subpoena requests but directed

---

[1] This Court notes that the letter motion for a stay of discovery is a "'nondispositive' motion within the scope of a general pretrial referral," such as Judge Carter's referral here (ECF No. 28). *See Alexander v. City of New York*, No. 07-cv-5676 (JSR) (FM), 2008 WL 919621, at *1 (S.D.N.Y. Mar. 31, 2008) (collecting cases); 28 U.S.C. § 636(b)(1)(A) (A magistrate judge has the authority to rule on non-dispositive issues.).

[2] For a complete recitation of the facts in this case, please refer to the Opinion at ECF No. 37.

1

the parties to meet and confer about the requests in compliance with the Federal Rules of Civil Procedure.

On February 4, 2022, Apollo, joined by Centerbridge, filed an objection to the undersigned's Opinion and Order filed on January 21, 2022.  (ECF Nos. 39, 41.)  Also on February 4, 2022, Respondent's instant motion followed requesting that the Court stay its obligation to respond to Petitioner's subpoena, pending its objection to the undersigned's Opinion.

**Discussion**

The decision to stay an action is an "exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009); *see also*, *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.,* 2021 WL 4776610, at *1 (E.D.N.Y. Oct. 13, 2021).  Four factors guide the court's discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id.* at 434.  The first two factors are the "most critical."  *Id.*  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.* at 433-34.

In balancing these considerations, the Court finds that a stay is not warranted.  First, Respondents must satisfy "a probability of success on the merits," and they fail to do that here. *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994).  The Federal Magistrates Act provides that "a judge may designate a magistrate judge to hear and determine" certain pretrial matters, and that "[a] judge of the court [*i.e.*, a district judge] may reconsider any pretrial matter under [this provision] where it has been shown that the magistrate judge's order is clearly erroneous or

contrary to law." 28 U.S.C § 636(b)(1)(A).  "This standard of review is highly deferential, and magistrate judges are afforded broad discretion in resolving nondispositive disputes[;] reversal is appropriate only if their discretion is abused."  *Pugh-Ozua v. Springhill Suites*, 2020 WL 6562376, at *3 (S.D.N.Y. Nov. 9, 2020) (cleaned up).

   A principal focus of the stay request is on the likelihood that the Respondents will persuade the Honorable Andrew L. Carter that the undersigned committed an error of law or relied upon a clearly erroneous finding of fact, and therefore any discovery resulting from the subpoena would be moot.  However, Respondents have pointed to no law indicating the opinion was erroneous or contrary to law.  Instead, Respondents cite to one case from the Ninth Circuit – *In Re King.com Ltd*.– where the Court quashed a subpoena where a stay had been in place.  2016 WL 4364286 (N.D. Cal. Aug. 16, 2016).  That case is distinguishable from the one here.  Importantly, in *King*, the respondents who requested the motion to quash were *parties* to the underlying Maltese litigation.  Furthermore, the Maltese Court also said that given the stay, at the time, they were unreceptive to further discovery and denied Petitioner's subpoena request, but when the stay was lifted, the Court could revaluate Petitioner's request.  However, here neither Apollo nor Centerbridge are parties before the Portuguese Court and the Court has not precluded discovery.  *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264 (2004) (The issue is whether the "person from whom discovery is sought is a participant in the foreign proceeding.").  Respondents reliance on the Portuguese Court's October 22, 2020 decision that denied discovery requests is misplaced.  The Portuguese Court denied discovery requests made to Calm Eagle and Novo Banco – parties to the case, not discovery sought from Apollo and Centerbridge.

Respondents must establish that "a serious legal question is involved" in their appeal and that "the balance of the equities weighs heavily in favor of granting the stay." *LaRouche,* 20 F.3d at 72-73.  Yet, Defendants do not assert that their appeal involves a serious legal question.  Instead, Defendants merely assert that the Court "did not meaningfully address" facts suggesting that the Portuguese Action was stayed.  This argument is unconvincing.  Defendants concede there is no formal stay.  And, as Petitioner aptly points out, the Court did address this in its Opinion and found that the facts were not sufficient to quash the subpoenas.  Therefore, Respondents have failed to make a strong showing that they are likely to succeed on the merits.

Respondents next contend that they will suffer substantial injury without a stay because they will be forced to review thousands of documents that they might not have to turn over if their objection has merit.  This argument too is unavailing.  It is true, of course, that in the absence of a stay Defendants will begin to respond to the subpoenas.  But this is true whenever a party objects to a magistrate judge's discovery order, and therefore is not sufficient, standing alone, to demonstrate a substantial injury required to obtain such a stay.  *See In re A2P SMS Antitrust Litig.*, 2014 WL 4247744, at *4 (S.D.N.Y. Aug. 27, 2014) ("[The] possible expenditure of resources for discovery is not an irreparable harm; it is a harm that is attendant to most litigation."); *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2,* 2021 WL 1080673, at *3 (S.D.N.Y. Mar. 5, 2021)  (Because defendant had failed to substantiate its claim of burden, the court denied defendant's last-minute application for a stay until their objection was ruled on.)

Furthermore, as laid out in the Court's Opinion, the requests – for three categories of documents – are not so intrusive or burdensome, and are limited in time and scope.  In any

4

case, per my Opinion, Respondents were given 14 days from their receipt of the subpoenas to object to the subpoena requests. (ECF No. 37.) It appears that instead of objecting to the language in the requests, Defendants instead objected to the Opinion and Order filed by this Court.

Nevertheless, given that the first two factors are the most critical and Respondents failed to carry their burden, the Court finds that the circumstances do not warrant a stay of discovery. *See In re NTL Inc. Sec. Litig.,* 2006 WL 1167848, at *1 (S.D.N.Y. May 3, 2006) (Defendant objects to an order by Magistrate Judge Andrew Peck and sought a stay pending resolution of the objections. The motion for a stay of Judge Pecks order was denied.)

## Conclusion

For these reasons, the Respondent's motion is **DENIED.** the date of compliance to respond to Petitioner's request is March 17, 2022 (for Apollo) and March 23, 2022 (for Centerbridge), as delineated out in the subpoenas.

SO ORDERED.

Dated: February 14, 2022
New York, New York

*Katharine H. Parker*
_____
**KATHARINE H. PARKER**
**United States Magistrate Judge**