**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In Re: Application of Pedro Pidwell for An Order :    No. 1:21-mc-00166-ALC-KHP
Seeking Discovery from CENTERBRIDGE :
PARTNERS L.P., and APOLLO GLOBAL :
MANAGEMENT, INC. f/k/a/ APOLLO :    <u>**STIPULATION AND PROPOSED**</u>
GLOBAL MANAGEMENT, LCC Pursuant to 28 :    <u>**PROTECTIVE ORDER**</u>
U.S.C. §1782, In Aid of a Foreign Proceeding :

---

       WHEREAS, in February 2021, Pedro Pidwell ("Applicant"), as Liquidator of Espirito Santo Financial Portugal, SGPS, SA ("ESFP"), made an application for an order, pursuant to 28 U.S.C. § 1782, authorizing ESFP to obtain limited discovery from Apollo Global Management, Inc. ("Apollo") and Centerbridge Partners L.P. ("Centerbridge") in the form of *subpoena duces tecum* in aid of a civil action pending in the District Court of Lisbon—Central Instance (Case No. 7624/15.0T8LSB) (the "Portuguese Action"); and

       WHEREAS, on January 21, 2022, the Court entered an order pursuant to 28 U.S.C. § 1782 authorizing Applicant to issue subpoenas to Apollo and Centerbridge (Dkt. No. 38); and

       WHEREAS, on February 4, 2022, Apollo filed an objection to the Court's January 21, 2022 order (Dkt. No. 39), which objection was joined by Centerbridge (Dkt. No. 41); and

       WHEREAS, in an Opinion dated February 14, 2022, the Court denied Apollo's and Centerbridge's requests to stay their obligations to respond to the subpoenas pending resolution of the objections to the Court's January 21, 2022 order; and

       WHEREAS, Apollo and Centerbridge accepted service of Applicant's subpoenas on or about January 26, 2022; and

       WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

       ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in response to the subpoenas issued to Apollo and Centerbridge (together, the "Producing Parties"):

1. Counsel for the Producing Parties may designate Discovery Material,[1] in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Discovery Material designated by a party as confidential will be stamped "CONFIDENTIAL" ("Confidential Information").

2. The Confidential Information disclosed will be held and used by the person receiving such information solely in connection with the Portuguese Action or in any settlement negotiation or mediation in connection with the Portuguese Action. Should Applicant wish to use any Confidential Information in connection with another judicial proceeding in Portugal asserting claims in connection with the acquisition of Tranquilidade by Calm Eagle ("Ancillary Proceeding"), prior to such use, Applicant shall identify such proceeding to the Producing Parties and counsel for Applicant and the Producing Parties shall confer in good faith concerning the use of the Confidential Information in such Ancillary Proceeding. If, after such conference, the Parties cannot agree on the use of Confidential Information in the Ancillary Proceeding, the Producing Parties shall, within three (3) business days of receipt of a written notice from Applicant stating that the parties are at an impasse, submit a letter motion to Magistrate Judge Parker pursuant to Section II(c) of her individual practices showing good cause why the Confidential Information should not be used in the Ancillary Proceeding. Failure to submit a letter motion within (3) business days shall be deemed a waiver of any objection to the use of Confidential Information in the Ancillary Proceeding. If the Parties agree, or Magistrate Judge Parker rules, that Confidential Information may be used in an Ancillary Proceeding, or if no timely letter motion is submitted by a Producing Party to Judge Parker objecting to the use of the Confidential Information in an Ancillary Proceeding, all references to the Portuguese Action herein shall also be applicable to such Ancillary Proceeding.

3. In the event the Receiving Party[2] challenges the Producing Party's designation of confidentiality, counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible in the Portuguese Action. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Any document designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

---

[1] Discovery Material means all documents, items, or information, regardless of the medium or manner in which it is generated, stored, or maintained, that is produced in connection with any discovery in this Action.

[2] Receiving Party means any person or party that receives or possesses Discovery Material in this Action.

    a.    Applicant and his counsel in this action and in the Portuguese Action, and employees of such counsel assigned to and necessary to assist in this action or the Portuguese Action;

    b.    Any other parties to the Portuguese Action, their counsel, and employees of such counsel assigned to and necessary to assist in the Portuguese Action;

    c.    Consultants or experts assisting Applicant or his counsel in this action or in the prosecution or defense of the Portuguese Action, to the extent deemed necessary by counsel; and

    d.    The Court in this action and in the Court in the Portuguese Action (including any judge, mediator or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Except in the case of disclosure to (1) Applicant's US counsel in this action, and (2) any party identified in paragraph 4(d) above, prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the Portuguese Action and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. Any person receiving Confidential Information shall exercise reasonable care to prevent any disclosure of such Confidential Information other than pursuant to the provisions of this Stipulation and Order.

7. All information derived from Confidential Information, including, but not limited to, extracts, summaries, compilations, and descriptions of such material, and notes, electronic images, or databases containing Confidential Information shall be treated as "Confidential" in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such derivative information is made or derived.

8. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the

document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. In connection with any disclosure of Confidential Information in the Portuguese Action, the Receiving Party shall use its best efforts to ensure such Confidential Information is accorded the maximum level of protection available under Portuguese or other applicable law, to the extent practicable, in order to restrict the disclosure to those persons entitled to see such Discovery Materials consistent with the terms of this Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Parties may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Receiving Party experiences a data breach, it shall immediately notify the producing party of same and cooperate with the Producing Parties to address and remedy the breach. Nothing herein shall preclude a Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure. The Producing Parties may also redact PII.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that the Court shall agree to the filing of such information under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of Portuguese Action, to the extent practicable all Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. If any Receiving Party having received Confidential Information is subpoenaed in another action, is served with a discovery demand in another action, is served with any other legal process by a non-party to this litigation, or otherwise receives a request from a non-party to this litigation, seeking Confidential Information, the Receiving Party shall, unless prohibited by law, provide written notice within three (3) business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's counsel, who may seek a protective order or otherwise seek to preclude disclosure of the Confidential Information. Should the person seeking access to the Confidential Information take any action against the Receiving Party to enforce such subpoena, demand, other legal process or request,

       the Receiving Party shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Information, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

14. During any deposition conducted in connection with Applicant's Section 1782 Application, any party shall have the right to designate on the record, or within seven (7) business days following receipt of the final transcript of the deposition, any portion of the transcript as Confidential Information, subject to the protections of this Order.

15. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in the above-captioned proceeding, in any other federal or state proceeding, or in the Portuguese Action. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16. The Court retains jurisdiction over the above-captioned proceeding, the Parties, and any person who has signed an undertaking in the form attached as "Agreement" to this Order to resolve all disputes regarding this Order, including regarding the Receiving Party's use of Discovery Material produced subject to this Order.

SO STIPULATED AND AGREED.

_____
Grant R. Mainland
Milbank LLP
55 Hudson Yards,
New York, NY, 10001
(p): (212) 530-5251
(e): gmainland@milbank.com
***Attorneys for Centerbridge Partners, L.P.***

_____
Andrew J. Ehrlich
Robert N. Kravitz
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York, 10019-6064
(p): (212) 373-000
(e): aehrlich@paulweiss.com
(e): rkravitz@paulweiss.com
***Attorneys for Apollo Global Management, Inc.***

5/27/2022
_____
Dated:

_____
V. David Rivkin
Wuersch & Gering LLP
100 Wall Street, 10th Floor
New York, NY, 10005
(p): (212) 509-4716
(e): david.rivkin@wg-law.com
***Attorneys for Pedro Pidwell***

5/31/2022
_____
Dated:

SO ORDERED:

_____
KATHARINE H. PARKER, U.S.M.J.

Dated:        New York, New York

6

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:


_____
(Attorney)